UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLON J. BANKS**        : | **DOCKET NO. 2:14-cv-2522** |
| D.O.C. # 554248 | SECTION P |
| **VERSUS**        : | **JUDGE SUMMERHAYS** |
| **SETH SMITH**        : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Marlon J. Banks, who is proceeding pro se in this matter. Banks is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Seth Smith, former warden of that facility and respondent in this matter, opposes the petition. Doc. 26. Banks has not filed a reply, and his time for doing so has elapsed.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

*A. Conviction*

Banks was charged by bill of information with two counts of armed robbery, one of which was later dismissed, and one count of the enhancement provision for armed robbery with a firearm,

in violation of Louisiana Revised Statute §§ 14:64 and 14:64.3. Doc. 26, att. 4, pp. 18, 34. Following a jury trial, he was convicted as charged. *Id.* at 144. On September 30, 2009, he was sentenced to a ten-year term of imprisonment for the armed robbery charge with a five-year enhancement under the firearm provision, to run consecutively to the ten-year term. Doc. 26, att. 6, p. 86. The court imposed both terms without benefit of probation, parole, or suspension of sentence. *Id.*

### B. Direct Appeal

The petitioner then appealed his conviction to the Louisiana Third Circuit Court of Appeal, raising the following assignments of error: (1) the evidence was insufficient to support the conviction, (2) the trial court erroneously allowed a police officer to render an expert opinion, (3) cumulative error entitles him to reversal of his conviction. *State v. Banks*, 2012 WL 5416967 (La. Ct. App. 3d Cir. 2012). The appellate court also noted an error patent relating to the trial court's failure to inform Banks of the prescriptive period for filing for post-conviction relief. *Id.* at *6. It reviewed assignments of error 1 and 3 on the merits but limited its review of the officer's testimony under Code of Criminal Procedure article 841, Louisiana's contemporaneous objection rule. *Id.* at *6–*12. The appellate court then denied relief except to remand the case and instruct the trial court to provide Banks with written notice of his time for seeking post-conviction relief. *Id.* at *6–*12. Banks sought review in the Louisiana Supreme Court, which denied same on May 17, 2013. *State ex rel. Banks v. State*, 117 So.3d 1259 (La. 2013). He did not file a petition for writ of certiorari in the United States Supreme Court. Doc. 1, p. 2.

### C. State Post-Conviction Relief

Banks filed a pro se petition for writ of habeas corpus in this court on August 14, 2014, along with a motion to stay the case and hold it in abeyance pending his exhaustion of state court

remedies. Docs. 1, 2. The court granted the motion to stay on March 11, 2015, and ordered Banks to inform the court once his state court proceedings had concluded. Doc. 7. On May 11, 2015, Banks filed a pro se application for post-conviction relief in the trial court, raising the following claims: (1) denial of due process and a fair trial through the allowance of an expert opinion from a police officer, and (2) two counts of ineffective assistance of counsel, with no supporting allegations provided. Doc. 26, att. 8, pp. 61–62. He also filed a motion to supplement the application, requesting an additional 30 days to provide a memorandum in support of his motion. *Id.* at 64–65. The trial court gave Banks 45 days to submit his memorandum, but it appears from the record that the memorandum was never filed. *Id.* at 67. The trial court then denied both the motion to supplement and the application for post-conviction relief by order filed September 14, 2015. *Id.* at 68–69.

After multiple unanswered requests for the trial court to act on his Notice of Intent to seek supervisory writs, Banks filed an application for writs in the Third Circuit on May 31, 2016. *Id.* at 92. The trial court complied and granted Banks until August 18, 2016, to file a writ relating to the denial of his application for post-conviction relief. *Id.* at 93. Banks complied and the Third Circuit denied writs on December 7, 2016, expressly affirming the trial court's ruling that (1) the due process claim was repetitive because it had been litigated in Banks's appeal and (2) Banks failed to provide any specific arguments or facts and applicable law in support of his ineffective assistance of counsel claims, meaning that he failed to carry his burden under Louisiana Code of Criminal Procedure Article 930.2. *Id.* at 94. The Louisiana Supreme Court denied Banks's application for supervisory review on April 20, 2018. *Id.* at 98–99.

### D. *Federal Habeas Petition*

As noted above, Banks filed his petition for writ of habeas corpus in this court on August 14, 2014. He raised claims of (1) insufficient evidence and (2) cumulative error resulting in a denial of due process. Doc. 1. Under the second claim, he only argues that the trial court erroneously allowed a police officer to render an expert opinion and so this claim is actually a request for review of the second claim of Banks's direct appeal. *Id.* at 6.

The matter was stayed pending Banks's exhaustion of his application for post-conviction relief, and the court lifted the stay on May 1, 2018, after learning of the Louisiana Supreme Court's 2018 denial of review. Docs. 7, 14. The court granted Banks an additional 45 days to submit any amendments to his habeas petition. Doc. 14. After that time had passed, the court ordered service on the respondent. Doc. 17. The respondent has now filed a response in opposition, and Banks has submitted no reply within the time accorded to do so. Doc. 26. Accordingly, the petition is now ripe for review.

## II.
## LEGAL STANDARDS

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

#### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of

his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural

default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal

courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a

presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### APPLICATION

*A. Timeliness*

Banks's conviction and sentence became final on August 19, 2013, after his time for seeking review in the United States Supreme Court from the state courts' handling of his appeal expired. Sup. Ct. R. 13. The instant petition was filed on August 14, 2014, after **360 days** accrued against § 2244(d)'s one-year limit. The one-year limitations period stops running with the filing of a habeas petition seeking adjudication on the merits of the petitioner's claims. *See* 28 U.S.C. § 2244(d); *cf. Fierro v. Cockrell*, 294 F.3d 674, 680–81 (5th Cir. 2002) (federal habeas proceeding not initiated by motion for authorization to file successive petition, but instead by filing of actual application in the district court). The Supreme Court recognizes that this rule applies even when the petitioner files "a 'protective petition' in federal court and [asks] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813–14 (2005). The Fifth Circuit has also indicated that a petitioner should act diligently by filing such a protective petition if time is running short under § 2244(d) before he is able to exhaust state post-conviction proceedings. *Palacios v. Stephens*, 723 F.3d 600, 607–08 (5th Cir. 2013). Because Banks filed such a protective petition in this court and the matter remained pending here while he pursued post-conviction remedies, the instant federal habeas petition is timely.

*B. Exhaustion and Procedural Default*

The respondent admits that Banks's first claim is exhausted and not subject to any procedural default, because it was decided on the merits in the state courts. Doc. 26, att. 1, p. 16.

The court agrees and will therefore review this claim under the standards of § 2254(d), above. As for the second claim, the respondent contends that the claim is waived due to Banks's failure to brief it and that it is subject to procedural default due to its rejection on state law grounds. *Id.* at 27–32.

As this court has held, "[s]imply listing a habeas claim and not briefing it is an abandonment or waiver of that claim." *Williams v. Warden, La. State Penitentiary*, 2013 WL 3894003, at *3 (W.D. La. July 26, 2013). Banks has provided no argument in support of his claim, even after the court afforded him an opportunity to amend his petition. Accordingly, the court will not review his claim. In the event that he seeks to provide arguments in his objection to this ruling, however, we will also review the respondent's other argument for denial without merits review.

The respondent also argues that Banks's second claim is subject to procedural default. Doc. 26, att. 1, pp. 29–32. This claim was rejected in post-conviction proceedings under Louisiana Code of Criminal Procedure article 930.4(A). Article 930.4(A) bars review of a claim raised in an application for post-conviction relief that was fully litigated on appeal. La. C. Cr. P. art. 930.4(A). As the respondent notes, denial on this basis "is not a procedural bar in the traditional sense," and the federal habeas court should instead look through the state post-conviction court's decision and consider the decision on direct appeal. *Bennett v. Whitley*, 41 F.3d 1581, 1582–83 (5th Cir. 1994). On appeal, the Third Circuit denied the claim in part based on Article 841, Louisiana's contemporaneous objection rule, which is regarded as an independent and adequate state procedural ground. *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002). Banks presents no basis for excusing the procedural default. Accordingly, the court will not review the portions of this claim denied under Article 841.

The Third Circuit reviewed the rest of the claim, in which Banks alleged that an officer had improperly offered an expert opinion by testifying that incoming and outgoing cell phone calls usually signal to the nearest tower. It rejected the claim under Louisiana Code of Evidence articles 701 and 702, which define the roles of lay and expert witnesses. *Banks*, 2012 WL 5416967 at *10–*11. It also made reference to unpublished cases in federal courts of appeal, determining that a lay witness may testify under federal law to the same information provided by the officer in Banks's case. *Id.*

The complained-of error was reviewed and rejected on state law grounds. On habeas review, a federal court does not sit "as a 'super' state supreme court" to review admissibility of evidence under state law. *Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir. 1979). Instead, the federal court may only intervene to address constitutional violations. *See Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). "The mere violation of evidentiary rules by the state trial court" does not show a right to habeas relief. *Cronnon*, 587 F.2d at 250 (internal quotations omitted). Instead, habeas relief is only warranted for errors in a trial court's evidentiary rulings if those errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998). Although Banks presents this as a claim of "cumulative error," he does not allege any errors beyond the ruling on the police officer's testimony and does not explain how this alleged error was so extreme as to result in a denial of his right to due process. Despite the reference to analogous decisions under the Federal Rules of Evidence, the state appellate court was only presented with and only decided whether the trial court had committed any error under state rules of evidence. Banks presents nothing to excuse any procedural default of the portion of his claim rejected under Article 841, or to show that the

remainder of the claim is cognizable on federal review. Accordingly, the court will only consider the first claim in this matter.

### C. Merits Consideration

The only claim susceptible to federal habeas review in this action is the one attacking the sufficiency of evidence. The Third Circuit was the last to address this claim on the merits, and so its decision is the one under § 2254(d) review in this matter.

A defendant's constitutional right to due process is violated when he is convicted of a crime without the state having met its burden of proof on every element of the offense.[1] *Jackson v. Virginia*, 99 S.Ct. 2781, 2787 (1979) (citing *In re Winship*, 90 S.Ct. 1068, 1073 (1970)). Such claims are decided by determining whether, "viewing the evidence in the light most favorable to the prosecution, **any** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Donahue v. Cain*, 231 F.3d 1000, 1004 (5th Cir. 2000) (internal quotations omitted; emphasis added). Thus, even though state law may require the exclusion of all reasonable hypotheses of innocence, a court on habeas review "may find the evidence sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

Under *Jackson*, both direct and circumstantial evidence can contribute to the sufficiency of evidence and circumstantial evidence alone may be enough to support the conviction. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). The habeas court must defer to the trial court's findings on issues of conflicting testimony and the weight of the evidence, resolving all conflicting inferences and credibility choices in favor of the verdict, and may not substitute its judgment for

---

[1] On federal habeas review, a court refers to the substantive elements of the offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).

that of the factfinder's. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Thus, under the standards of *Jackson* and § 2254, this court's review on sufficiency of evidence claims is "twice-deferential." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012).

Banks challenges the sufficiency of evidence supporting his conviction with the following allegations:

> Considering the uncertain identification of Petitioner and the unconvincing [corroborating] evidence, the State failed to negate any reasonable probability of misidentification. Thus, the evidence was not sufficient to convict Petitioner of armed robbery and robbery with a firearm.

Doc. 1, p. 5. Under Louisiana law, the state must negate "any reasonable probability of misidentification" to meet its burden of proof. *State v. Brady*, 414 So.2d 364, 365 (La. 1982). On federal habeas review, however, "only *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (cleaned up). Under *Jackson*, the evidence may be found sufficient to support a conviction "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Id.* (quoting *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991)).

Banks's charge and subsequent conviction were based on the robbery of siblings Eyan Moses and Brandi Leible in a parking lot after the two victims had left a night club in Lake Charles, Louisiana, in the early hours of May 18, 2008. *Banks*, 2012 WL 5416967 at *1. At trial Moses testified that he had only had half a drink at the club, and that he and Leible had stopped outside of his car and were standing on the passenger side so that Leible could smoke a cigarette before they left. Doc. 26, att. 5, pp. 218–21. In the parking lot Moses felt someone stick a gun into his side and turned to see two assailants, who made a demand for his money. *Id.* at 221. Moses gave the assailants his debit card. *Id.* While one pointed a gun at Leible, the other took Moses's driver's

license and warned him not to call the police because they now knew where he lived. *Id.* at 221–23. The siblings were permitted to get back in their car and leave, though one of the assailants turned and pointed his gun at the car as Moses was preparing to exit the parking lot. *Id.* at 222–24. Moses drove forward and hit this assailant, who clung to the car's windshield wipers until Moses slammed on his brakes and threw him off. *Id.* at 224–26. Moses's car sustained a large dent on the hood as a result of the hit. *Id.* at 228. The two assailants then ran away, with the one who had been hit limping in a manner that suggested his right leg was injured. *Id.* at 226–27.

Moses called the local police that night. *Id.* at 227–28. The following Monday, he ran a report on his debit card and saw that someone had attempted to use it six times at various gas stations in the hours following the robbery. *Id.* at 228–31. He was shown a photo line-up and identified Banks as the man who had pointed the gun at his sister and whom Moses had struck with the car. *Id.* at 232–38. He also identified the petitioner in court. *Id.* at 238. On cross-examination, Moses affirmed that the parking lot was dim but not completely dark. *Id.* at 240. He also stated that he was 95 percent sure of the petitioner's identity. *Id.* at 246. Leible also testified and recalled the robbery in the same manner as her brother. *Id.* at 199–204. She stated that she did not get a good look at either assailant, however, and could not identify them in the courtroom. *Id.* at 206.

The case was assigned to Richard Harrell, a detective with the Lake Charles Police Department. Doc. 26, att. 4, pp. 226–28. He received Moses's print-out of the assailants' six attempts to use his debit card at various gas stations in the hours following the robbery. *Id.* at 230. Harrell researched the locations and was able to obtain surveillance footage from one, which showed a man matching Moses's description of Banks. *Id.* at 230–34. Harrell gave the details of the crime, including the suspect's limp, to local media for broadcast and received a tip the next

day that Banks had recently visited a local emergency room because of a swollen knee. *Id.* at 234–35. After interviewing the doctor who had treated Banks, he gave the name to the LCPD ID division to produce a photo line-up including Banks. *Id.* at 234–36. Moses correctly identified Banks from the line-up and the police then obtained an arrest warrant for him. *Id.* at 237–39.

Harrell also learned that Banks worked offshore but was in Lake Charles on the week of the robbery. *Id.* at 239, 243. In his interview with Harrell, Banks admitted that he had visited the hospital for a knee injury, which he claimed was an aggravation of an old gunshot wound, on that weekend and signed a release for his medical records. *Id.* at 244–47. He also claimed that he had worn a gray shirt the entire weekend, and not the white shirt observed by Moses. *Id.* at 244; *see* doc. 26, att. 5, p. 223

Harrell obtained Banks's cell phone records and described how the cell tower data contradicted Banks's claim that he had not left his cousin's house on the night of the robbery. Doc. 26, att. 4, pp. 247–50; *see also* doc. 26, att. 5, pp. 189, 194–95 (testimony of Centennial Wireless employee on cell tower location data). He also noted that Banks's cell phone records placed him in the vicinity of the parking lot where the robbery occurred, within an hour of the robbery. Doc. 26, att. 5, pp. 8–9.

Harrell then listened to calls made by Banks to his mother from jail, in which Banks repeatedly asked his mother to get an object out of her house before the police arrived. *Id.* at 12–13. Banks's mother admitted to Harrell that the object in question was a handgun, and after obtaining her permission to search the house Harrell located a silver and black handgun matching the one described by Moses and identified by Leible as the weapon that had been pointed at her.[2] *Id.* at 13–16, 24–25; *see id.* at 206–07, 223.

---

[2] Harrell also offered a minor contradiction to the testimony of Ezora Banks, the cousin at whose home Banks claimed he had spent the night of the robbery. At trial and during her interview, Ezora Banks claimed that Banks babysat for

The conviction thus hinged on Moses's eyewitness account and identification of Banks, as supported by the circumstantial evidence from Harrell's investigation. As noted above, all credibility choices and conflicting inferences must be drawn in favor of the verdict under *Jackson*. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). The jury's assessment of a witness's credibility is, likewise, generally beyond review under *Jackson*. *Schlup v. Delo*, 115 S.Ct. 851, 868 (1995). Banks presents nothing to overcome this court's deference to the jury's determinations, or the Third Circuit's crediting of same. The evidence described above, under *Jackson*, is sufficient to support a conviction based on Banks's involvement in the armed robbery of Leible and Moses. Accordingly, Banks fails to show sufficient error in the Third Circuit's decision and is not entitled to habeas relief based on this claim.

### III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

---

her all three nights that weekend but admitted that she had been away at the time. Doc. 26, att. 5, pp.18–19, 78–79. She also testified that her oldest daughter, who was around nine years old, would have told her if Banks left them alone, but did not state whether the child would have stayed up all night. *Id.* at 79–80. At trial she stated that she could not recall what Banks was wearing that weekend. *Id.* at 78–79. Harrell, however, testified that Ezora Banks had stated that Banks was wearing a white, rather than gray, shirt that weekend. *Id.* at 19. Ezora Banks's testimony, even without Harrell's contradictions, is insufficient to undermine the weight of evidence described above.

date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE